**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**BETTY M. TATE, Executrix for the Estate of BEN J. TATE, SR.,**

*Plaintiff,*

**v.**

**CIVIL ACTION NO.:** 04-5885

**CBS CORPORATION, n/k/a VIACOM, INC., and JOHN DOE (fictitious name),**

*Defendants.*

**COMPLAINT AND JURY DEMAND**

1. Plaintiff's decedent Ben J. Tate ("Plaintiff-worker") was injuriously exposed to asbestos as follows: Mr. Tate served in the U.S. Navy from 1943 until 1946 and served aboard the U.S.S. Intrepid. Thereafter, Mr. Tate was employed by Duke Power Company from 1952 until 1984 as an electrician. As a direct result of his exposure to asbestos, he suffered and died from lung cancer. His wife, Betty M. Tate, ("Plaintiff-spouse") makes a claim for loss of consortium due to her husband's asbestos-related disease. Betty M. Tate is the Executrix for the Estate.

2. Defendant CBS Corporation, n/k/a Viacom, Inc., is a New York corporation with its principal place of business in New York. At all relevant times it did business in the State of Rhode Island.

3. Defendant John Doe (fictitious) represents one or more business entities whose real names and identities are presently unknown to Plaintiff.

True Copy Attest
Office of Clerk of Superior Court
Providence & Bristol Counties
Providence, Rhode Island

**COUNT I**

4. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

PER
YJ
3016

125028 (1)

5. Defendants mined, processed, manufactured, designed, supplied, delivered, and sold asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so, at all times relevant herein.

6. While at work, Plaintiff-worker was caused to inhale, absorb, ingest, and come into contact with asbestos and asbestos-containing products mined, processed, manufactured, designed, supplied, delivered, and/or sold by Defendants.

7. The Defendants were negligent in that they each, jointly and severally:

a. mined, processed, manufactured, designed, supplied, delivered, and/or sold asbestos and asbestos-containing products, and/or knowingly gave substantial assistance or encouragement to those who did so, that they knew, or reasonably should have known, were dangerous, defective, poisonous, and harmful to an individual's health, body, and life;

b. failed to reasonably warn Plaintiffs of the harmful effects of exposure to asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so;

c. failed to provide Plaintiffs with the knowledge as to possible precautions to protect against the harmful effects of asbestos exposure and/or knowingly gave substantial assistance or encouragement to those who did so; and,

d. were otherwise negligent.

8. As a direct and proximate result of the negligence of the Defendants, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering, incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the negligence of the Defendants, Plaintiff-worker ultimately died.



True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

9. As a direct and proximate result of the negligence of the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiffs demand judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT II**

10. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

11. At all relevant times, the Defendants, as part of their regular business, mined, processed, manufactured, designed, supplied, delivered, and sold and/or knowingly gave substantial assistance or encouragement to those who did so, asbestos and asbestos-containing products and put them into the stream of commerce in a defective, unsafe, and inherently dangerous condition, and failed to provide reasonable warnings.

12. The asbestos and asbestos-containing products were expected to, and did reach such persons, including Plaintiff-worker, without substantial change in the condition in which they were sold and/or supplied.

13. At all relevant times, the asbestos and asbestos-containing products were used and employed for the purposes for which they were mined, processed, manufactured, designed, supplied, delivered, sold, and intended to be used and in a manner foreseeable to the Defendants.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering,

incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-worker ultimately died.

15. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-spouse has suffered, and will continue to suffer, great pain and suffering, mental anguish, a loss of society, consortium, companionship, support, dependency and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT III**

16. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

17. The Defendants expressly and impliedly warranted that the asbestos and asbestos-containing products that they mined, processed, manufactured, designed, supplied, delivered, and sold were fit for use, were merchantable, and were reasonably safe for the purpose intended.

18. The Defendants breached their warranty in that the asbestos and asbestos-containing products were defective, unsafe, unreasonably dangerous, ultrahazardous, and unsuitable for the purpose intended.

True Copy Attest
Clerk of Superior Court
Providence & Bristol
Rhode Island

19. As a direct and proximate result of the breach by the Defendants, Plaintiff-worker

suffered serious bodily injury, endured great pain and suffering, incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the breach by the Defendants, Plaintiff-worker ultimately died.

20. As a direct and proximate result of the breach by the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT IV**

21. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

22. The acts and omissions of Defendants that were the direct and proximate cause of Plaintiffs' injuries were willful, malicious, wanton, undertaken with reckless disregard of the rights of Plaintiffs, and were grossly negligent.

WHEREFORE Plaintiff demands judgment and punitive damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT V**

23. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

24. Defendants, individually and as agents of one another and as co-conspirators,

True Copy Attest
Clerk Superior Court
Providence & Bristol
Providence, Rhode Island

aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiffs.

25. The Defendants knew that the others' conduct constituted a breach of duty and gave substantial assistance or encouragement to the other so to conduct itself.

26. All defendants:

a. did a tortious act in concert with the other or pursuant to a common design with them; and/or

b. knew that each other's conduct constituted a breach of duty and they each gave substantial assistance or encouragement to the other so to conduct himself; and/or

c. gave substantial assistance to the other in accomplishing a tortious result and its own conduct, separately considered, constitutes a breach of duty to the Plaintiffs.

27. The acts of the defendants as described above, constitute a fraudulent concealment and/or a fraudulent misrepresentation that proximately caused injury to the Plaintiffs in the following manner:

a. The material published or caused to be published by the defendants was false and incomplete in that the Defendants knowingly and deliberately deleted references to the known health hazards of asbestos and asbestos-containing products.

b. Defendants individually, as members of a conspiracy, as agents of other co-conspirators, and as aiders and abettors of each other intended that the publication of false and misleading reports and/or the nondisclosure of documented reports of the health hazards of asbestos:

[illegible] maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

Attest
Superior Court
& Bristol

ii. assist in the continued pecuniary gain of the defendants through the sale of their products;

iii. influence in the defendants' favor proposed legislation to regulate asbestos exposure and;

iv. to provide a defense in lawsuits brought for injury resulting from asbestos disease.

c. Plaintiffs reasonably relied upon the published medical and scientific data documenting the purported safety of asbestos and asbestos-containing products and the absence of published medical and scientific reports on the extent, nature, and existence of hazards of asbestos and asbestos-containing products to continue exposure to asbestos because of a belief that it was safe.

d. Defendants individually, as members of a conspiracy, and as agents of each other intended that Plaintiffs rely upon the published report regarding the safety of asbestos and asbestos-containing products and upon the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-related products, to continue his exposure to these products.

e. Defendants individually, as members of a conspiracy, as agents of each other, as aiders and abettors of each other are and were in a position of superior knowledge regarding the health hazards of asbestos and therefore Plaintiffs had a right to rely on the published reports commissioned by the defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products.

True Copy Attest
Clerk of Superior Court
Providence & Bristol
Rhode Island

f. Plaintiffs suffered and will continue to suffer injury as a direct and

proximate result of the acts alleged herein.

28. As a direct and proximate result of the acts of the Defendants, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the acts of the Defendants, Plaintiff-worker ultimately died.

29. As a direct and proximate result of the acts of the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

Plaintiff hereby demand a trial by jury.

Respectfully Submitted by,
***MOTLEY RICE LLC***

John J. McConnell, Jr., Esq. (#3016)
Robert J. McConnell, Esq. (#3888)
Donald A. Migliori, Esq. (#4936)
Vincent L. Greene, Esq. (#5971)
321 South Main Street, 2nd Flr.
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 Fax

Providence, R.I.
Dated:

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island