UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BETTY M. TATE, Executrix for the Estate of BEN J. TATE, SR.,

Plaintiff,

v.

CBS CORPORATION, n/k/a VIACOM, INC., and JOHN DOE (fictitious name),

Defendants.

CA 05 048T

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendant Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), hereby gives notice of the removal of the above-captioned action from the Superior Court of Providence/Bristol Counties, Rhode Island. As grounds for the removal, Westinghouse states the following:

1. On or about January 5, 2005, Plaintiff Betty M. Tate ("Plaintiff") commenced an action against Westinghouse and Defendant John Doe by filing a Complaint (the "Complaint") in the Superior Court of Providence/Bristol Counties, Rhode Island, assigned Civil Action No. PC04-5885.

2. In the Complaint, Plaintiff alleges that her decedent, Ben J. Tate, was exposed to asbestos-containing products while serving in the Navy and later as an electrician for Duke Power Company.

3. On or about January 7, 2005, Westinghouse was served with copies of the Summons and Complaint. True and accurate copies of the Summons and Complaint served on Westinghouse are attached hereto as Exhibits "A" and "B".

4. Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between...citizens of different states."

5. Under 28 U.S.C. § 1441(a), "....any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1]

6. The amount in controversy in this action, upon assumption and belief, exceeds the sum of $75,000, exclusive of interest and costs.

7. On information and belief, Plaintiff is not a citizen or resident of Delaware or New York. On information and belief, she is a citizen and resident of the States of North Carolina or South Carolina. Westinghouse is a Delaware corporation with a principal place of business in the State of New York. Thus, there is complete diversity of citizenship between the known parties.

8. While Defendant John Doe represents one or more business entities whose real names and identities are presently unknown to Plaintiff, under 28 U.S.C. § 1441(a) "[f]or purposes of removal...the citizenship of defendants sued under fictitious names shall be disregarded."

[1] For an action to be removable under 28 U.S.C. § 1441(b), none of the known defendants can be a citizen of the state in which the action was brought, here Rhode Island.

9. Thus, as this Honorable Court has original jurisdiction over this action under 28 U.S.C. § 1332, this action may be removed to this Court under 28 U.S.C. § 1441(a).

10. As required by 18 U.S.C. § 1446(d), Westinghouse, through its counsel, files the Notice of Removal within thirty (30) days of its receipt of the Complaint.

11. As required by 18 U.S.C. § 1446(d), Westinghouse, through its counsel, is filing a copy of the Notice of Removal with the Superior Court of Providence/Bristol Counties, Rhode Island, and sending a copy of the Notice of Removal to all parties.

12. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); Thermitron Prod., Inc. v. Hermansdorfer, 423 U.S. 336, 96 S. Ct. 584, 46 L.Ed. 542 (1976); Elrad v. United Life & Accident Ins. Co., 624 F. Supp. 742 (N.D. Ill. 1985).

13. By filing the Notice of Removal, Westinghouse does not waive its rights to service of process or submit to the jurisdiction of the Superior Court of Providence/Bristol Counties, Rhode Island.

WHEREFORE, Defendant Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, through its counsel, respectfully requests that the action now pending in the Superior Court of Providence/Bristol Counties, Rhode Island, be removed to the United States District Court for the District of Rhode Island.

VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUSE ELECTRIC CORPORATION,
By its attorney,

Thomas W. Lyons (#2946)
STRAUSS, FACTOR, LAING & LYONS
222 Richmond Street, Suite 208
Providence, RI 02903
(401) 456-0700

DATED: February 7, 2005

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent either by mail, postage prepaid or by electronic mail to all counsel of record on this 7th day of February, 2005.

Christine Abrames

STATE OF RHODE ISLAND PROVIDENCE PLANTATIONS
RHODE ISLAND JUDICI SYSTEMS AND SCIENCES
SUPERIOR COURT CIVIL INFORMATION SYSTEM

AGE 1
DATE 11/03/2004

## DOCKET EVENT LISTING

CASE NO.: PC2004 5885 TYPE PERSONAL INJURY
TITLE: BETTY TATE V CBS CORPORATION
FILING DATE: 10-29-2004 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| CBS CORPORATION | BDF | Unknown,Attorney | AOR |
| TATE,BETTY M EXECUTR | PLF | McConnell,John J. | AOR |
| TATE,BEN J SR EST | PLF | McConnell,John J. | AOR |
| VIACOM INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

A True Copy Attest

Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**BETTY M. TATE, Executrix for the Estate of BEN J. TATE, SR.,**

***Plaintiff,***

**v.**

**CIVIL ACTION NO.:** 04-5885

**CBS CORPORATION, n/k/a VIACOM, INC., and JOHN DOE (fictitious name),**

***Defendants.***

**COMPLAINT AND JURY DEMAND**

1. Plaintiff's decedent Ben J. Tate ("Plaintiff-worker") was injuriously exposed to asbestos as follows: Mr. Tate served in the U.S. Navy from 1943 until 1946 and served aboard the U.S.S. Intrepid. Thereafter, Mr. Tate was employed by Duke Power Company from 1952 until 1984 as an electrician. As a direct result of his exposure to asbestos, he suffered and died from lung cancer. His wife, Betty M. Tate, ("Plaintiff-spouse") makes a claim for loss of consortium due to her husband's asbestos-related disease. Betty M. Tate is the Executrix for the Estate.

2. Defendant CBS Corporation, n/k/a Viacom, Inc., is a New York corporation with its principal place of business in New York. At all relevant times it did business in the State of Rhode Island.

3. Defendant John Doe (fictitious) represents one or more business entities whose real names and identities are presently unknown to Plaintiff.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT I**

4. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

PER VJ 3016

125028

5. Defendants mined, processed, manufactured, designed, supplied, delivered, and sold asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so, at all times relevant herein.

6. While at work, Plaintiff-worker was caused to inhale, absorb, ingest, and come into contact with asbestos and asbestos-containing products mined, processed, manufactured, designed, supplied, delivered, and/or sold by Defendants.

7. The Defendants were negligent in that they each, jointly and severally:

a. mined, processed, manufactured, designed, supplied, delivered, and/or sold asbestos and asbestos-containing products, and/or knowingly gave substantial assistance or encouragement to those who did so, that they knew, or reasonably should have known, were dangerous, defective, poisonous, and harmful to an individual's health, body, and life;

b. failed to reasonably warn Plaintiffs of the harmful effects of exposure to asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so;

c. failed to provide Plaintiffs with the knowledge as to possible precautions to protect against the harmful effects of asbestos exposure and/or knowingly gave substantial assistance or encouragement to those who did so; and,

d. were otherwise negligent.

True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

8. As a direct and proximate result of the negligence of the Defendants, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering, incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the negligence of the Defendants, Plaintiff-worker ultimately died.

9. As a direct and proximate result of the negligence of the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiffs demand judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT II**

10. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

11. At all relevant times, the Defendants, as part of their regular business, mined, processed, manufactured, designed, supplied, delivered, and sold and/or knowingly gave substantial assistance or encouragement to those who did so, asbestos and asbestos-containing products and put them into the stream of commerce in a defective, unsafe, and inherently dangerous condition, and failed to provide reasonable warnings.

12. The asbestos and asbestos-containing products were expected to, and did reach such persons, including Plaintiff-worker, without substantial change in the condition in which they were sold and/or supplied.

13. At all relevant times, the asbestos and asbestos-containing products were used and employed for the purposes for which they were mined, processed, manufactured, designed, supplied, delivered, sold, and intended to be used and in a manner foreseeable to the Defendants.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering,

incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-worker ultimately died.

15. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-spouse has suffered, and will continue to suffer, great pain and suffering, mental anguish, a loss of society, consortium, companionship, support, dependency and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT III**

16. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

17. The Defendants expressly and impliedly warranted that the asbestos and asbestos-containing products that they mined, processed, manufactured, designed, supplied, delivered, and sold were fit for use, were merchantable, and were reasonably safe for the purpose intended.

18. The Defendants breached their warranty in that the asbestos and asbestos-containing products were defective, unsafe, unreasonably dangerous, ultrahazardous, and unsuitable for the purpose intended.

19. As a direct and proximate result of the breach by the Defendants, Plaintiff-worker



Copy Attest
of Superior Court
Providence & Bristol
Rhode Island

suffered serious bodily injury, endured great pain and suffering, incurred medical and funeral expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the breach by the Defendants, Plaintiff-worker ultimately died.

20. As a direct and proximate result of the breach by the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT IV**

21. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

22. The acts and omissions of Defendants that were the direct and proximate cause of Plaintiffs' injuries were willful, malicious, wanton, undertaken with reckless disregard of the rights of Plaintiffs, and were grossly negligent.

WHEREFORE Plaintiff demands judgment and punitive damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

**COUNT V**

23. Plaintiff repeats and realleges all allegations contained in all paragraphs above as if fully set forth herein.

24. Defendants, individually and as agents of one another and as co-conspirators,

Copy Attest
Clerk Superior Court
Providence & Bristol
Providence, Rhode Island

aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiffs.

25. The Defendants knew that the others' conduct constituted a breach of duty and gave substantial assistance or encouragement to the other so to conduct itself.

26. All defendants:

a. did a tortious act in concert with the other or pursuant to a common design with them; and/or

b. knew that each other's conduct constituted a breach of duty and they each gave substantial assistance or encouragement to the other so to conduct himself; and/or

c. gave substantial assistance to the other in accomplishing a tortious result and its own conduct, separately considered, constitutes a breach of duty to the Plaintiffs.

27. The acts of the defendants as described above, constitute **a fraudulent** concealment and/or a fraudulent misrepresentation that proximately caused injury to the Plaintiffs in the following manner:

a. The material published or caused to be published by the defendants was false and incomplete in that the Defendants knowingly and deliberately deleted references to the known health hazards of asbestos and asbestos-containing products.

b. Defendants individually, as members of a conspiracy, as agents of other co-conspirators, and as aiders and abettors of each other intended that the publication of false and misleading reports and/or the nondisclosure of documented reports of the health hazards of asbestos:

i. maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

Attest
Superior Court
& Bristol

ii. assist in the continued pecuniary gain of the defendants through the sale of their products;

iii. influence in the defendants' favor proposed legislation to regulate asbestos exposure and;

iv. to provide a defense in lawsuits brought for injury resulting from asbestos disease.

c. Plaintiffs reasonably relied upon the published medical and scientific data documenting the purported safety of asbestos and asbestos-containing products and the absence of published medical and scientific reports on the extent, nature, and existence of hazards of asbestos and asbestos-containing products to continue exposure to asbestos because of a belief that it was safe.

d. Defendants individually, as members of a conspiracy, and as agents of each other intended that Plaintiffs rely upon the published report regarding the safety of asbestos and asbestos-containing products and upon the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-related products, to continue his exposure to these products.

e. Defendants individually, as members of a conspiracy, as agents of each other, as aiders and abettors of each other are and were in a position of superior knowledge regarding the health hazards of asbestos and therefore Plaintiffs had a right to rely on the published reports commissioned by the defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products.

True Copy Attest
Office of Clerk of Superior Court
Providence & Bristol
Rhode Island

f. Plaintiffs suffered and will continue to suffer injury as a direct and

proximate result of the acts alleged herein.

28. As a direct and proximate result of the acts of the Defendants, Plaintiff-worker suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, lost earnings and earning capacity, and was otherwise damaged. As a direct and proximate result of the acts of the Defendants, Plaintiff-worker ultimately died.

29. As a direct and proximate result of the acts of the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

Plaintiff hereby demand a trial by jury.

Respectfully Submitted by,
***MOTLEY RICE LLC***

John J. McConnell, Jr., Esq. (#3016)
Robert J. McConnell, Esq. (#3888)
Donald A. Migliori, Esq. (#4936)
Vincent L. Greene, Esq. (#5971)
321 South Main Street, 2nd Flr.
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 Fax

Providence, R.I.
Dated:

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, Sc.**

**BETTY M. TATE, Executrix for the** )
**Estate of BEN J. TATE, SR.,** )
)
**vs.** ) **C.A. No. 04-5885**
)
**CBS CORPORATION, n/k/a VIACOM, INC.,** )
**et al.,** )
)

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse"), as its Answer to the Complaint of Plaintiff ("Plaintiff" herein referred to singularly or plurally, living or deceased, possessively and/or in any such capacity as may apply) herein, states and alleges as follows:

1. Pursuant to R.I. R. Civ. P. 8(b), Westinghouse denies generally each and every allegation of matter, fact and thing contained in the Complaint, unless otherwise admitted or qualified.

2. Defendant admits that it is a corporation organized and existing under the laws of the State of Delaware, and that it has its principal place of business in the State of New York.

3. Defendant admits that it conducts business in this state.

4. Westinghouse specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed or sold any products containing asbestos that are causally related to Plaintiff's Decedent's alleged injuries and denies it otherwise caused or contributed to Plaintiff's Decedent's alleged injuries.

True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH
05 JAN 25 AM 9:44

5. Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations against other defendants.

6. Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as to the Decedent's marital status, residency, or work history.

**DEFENSES**

1. The Plaintiff has failed to commence this action within the time required by the applicable statute of limitations.

2. The complaint fails to state a claim against Westinghouse for either compensatory of punitive damages upon which relief can be granted and should be dismissed pursuant to Rule 12 (b)(6) of the Rhode Island Rules of Civil Procedure.

3. There are no allegations against Westinghouse, stated with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, concern of action, conspiracy or the like which would meet the requirement of Rule 9(b) of the Rhode Island Rules of Civil Procedure.

4. The complaint fails to join all necessary, proper and indispensable parties and should be dismissed pursuant to Rules 12(b)(7) and (19) of the Rhode Island Rules of Civil Procedure.

5. Venue is not proper in this court and the action should be dismissed pursuant to Rule 12(B)(3) of the Rhode Island Rules of Civil Procedure. In the alternative, venue should be transferred to another court pursuant to the doctrine of forum non conveniens.

6. Westinghouse alleges that the Plaintiff's Decedent is guilty of negligence or fault which was the proximate cause of the injuries or damages alleged in the complaint.

7. Although Westinghouse denies all allegations of the complaint with regard to its culpability, it asserts that any damages allegedly sustained by the Plaintiff's Decedent were caused

True Copy Attest
Clerk, Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

by the negligence, breach of duty, willful, wanton or reckless conduct and acts or omissions of parties or persons other than Westinghouse, including Plaintiff's Decedent's employer and/or the Decedent's labor union, over whom Westinghouse had no control. Such conduct constitutes an intervening and superseding cause of Plaintiff's Decedent's alleged injuries.

8. Although Westinghouse denies all allegations of the complaint with regard to culpability on its part, Westinghouse asserts that if Plaintiff proves injury, any causal connection between Westinghouse and such injury is too remote, indefinite and speculative to serve as the basis of recovery against Westinghouse.

9. Plaintiff's Decedent's exposure to the products of Westinghouse, if any, was minimal, <u>de minimus</u> and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiff or to Plaintiff's Decedent.

10. Plaintiff's Decedent was employed by a knowledgeable and sophisticated employer and any duty Westinghouse may have had to warn Plaintiff of any potential damage incident to his use of Westinghouse's products, which duty is denied, was discharged by employer's intervening duty to give any required warnings.

11. Although Westinghouse denies all allegations of the complaint with regard to culpability on its part, Westinghouse asserts that if Plaintiff proves exposure to respirable asbestos fibers emitted from a product of Westinghouse, Plaintiff's Decedent's use of that product constituted misuse and/or abuse so as to substantially change the condition of the product prior to the Decedent's exposure. and injuries, barring Plaintiff's recovery against Westinghouse.

12. Although Westinghouse denies all allegations of the complaint with regard to culpability on its part, Westinghouse asserts that if any of its products were unsafe for the use for which they were intended, which is also strenuously denied, that condition was unavoidable and

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

was apparent to Plaintiff's Decedent and the Decedent's employer and Plaintiff's Decedent and the Decedent's employer had been given adequate warning of said condition, or should have been aware of said condition, owing to the knowledge and experience in their field of endeavor.

13. The absence of warnings on any product of Westinghouse did not lead to reliance by Plaintiff's Decedent on the safety of any such product.

14. The state of the medical, scientific and industrial knowledge, art and practice was at all material times such that Westinghouse neither breached any alleged duty owed to the Plaintiff 's Decedent nor knew or could have known, that its products presented a foreseeable risk or harm to the Plaintiff in connection with the normal and expected use of such products.

15. Westinghouse alleges that the Plaintiff's Decedent assumed the risk of any damages which the Decedent may have incurred as a result of alleged exposure to products manufactured, sold or distributed by Westinghouse because Plaintiff's Decedent and the Decedent's employer had equal or greater knowledge of the alleged hazard of exposure to asbestos, and Plaintiff's Decedent used the products without showing proper regard for health and safety.

16. Punitive damages are unconstitutional and if punitive damages are imposed, it would be in violation of the Fifth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Article 1, Sections 2, 5 and 8 of the Rhode Island Constitution and would be based upon a standard which is unconstitutionally vague.

rue Copy Attest
Office of Clerk of Su er or Court
Counti ... ristol
Providenc

17. There are no warranties expressed or implied and there is no privity of contract between Westinghouse and the Plaintiff's Decedent. Therefore, Plaintiff is not entitled to recover against Westinghouse for any alleged breach of warranty expressed or implied. Westinghouse further asserts that if there was any implied warranty (which is denied), the Plaintiff or Plaintiff's

Decedent failed to notify Westinghouse of any breach thereof as required by statute and therefore Plaintiff's claim for breach of implied warranty against Westinghouse is barred.

18. Westinghouse alleges that any injury to the Plaintiff's Decedent nor the Plaintiff's Decedent were attributable to an unavoidable accident, as that term is known to the law, or in the alternative, was caused by the acts of omissions of third persons, firms or corporations, or by instrumentalities which are in no way connected with Westinghouse and for which Westinghouse should not be held legally responsible.

19. The Plaintiff has failed to mitigate damages.

20. There was no concert of action between Westinghouse and any of the other defendants herein, therefore, the defendants are not joint tortfeasors and Westinghouse may not be held jointly and severely liable with the other defendants.

21. The Plaintiff or Plaintiff's Decedent did not notify Westinghouse within a reasonable period of time after it was discovered or should have been discovered any alleged defects in Westinghouse's products; the complaint in this action was filed so long after the date of the event which the Plaintiff alleged constitute these causes of action that the Plaintiff is barred from recovery by reason of laches.

22. This action is barred by the applicable statute of limitations, and by applicable statutes of repose as well by any and all other applicable statutes of this and other jurisdictions providing for specific time periods in which a claim must be asserted for an action filed involving the matters at issue herein.

23. Westinghouse did not participate in any of the activities for which Plaintiff asserts that punitive damages may be assessed.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

24. At all relevant times, all products of Westinghouse complied with industry standards and with federal and state standards and regulations governing the manufacturing, sale, packaging and distribution of such products.

25. If any products manufactured and sold by Westinghouse, which give rise to Plaintiff's claims herein, were designed and manufactured pursuant to and in accordance with the standards of, or specifications mandated by, the United States Government and its agencies, the knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Westinghouse, and by reason thereof Westinghouse is entitled to assume any immunity from liability which exists in favor of the United States Government or its agencies.

26. On information and belief, numerous defendants alleged in the Plaintiff's complaint and the crossclaim to be joint tortfeasors with Westinghouse, which is denied in Westinghouse's nineteenth defense, have or may in the future compromise and settle all matters and things at issue between them and the Plaintiff.

27. Westinghouse further believes that the amount of said settlements is or will be claimed to be confidential. In cases where defendants are alleged to be joint and several tortfeasors, any amount paid on behalf of one joint and several tortfeasor in settlement of claims with the Plaintiff is a set off against any claim or judgment that might be rendered against any remaining joint and several tortfeasor.

28. Pursuant to those provisions, Westinghouse is entitled to have any judgment rendered against it set off by any funds paid in settlement on behalf of other joint and several tortfeasors.

True Copy Attest
Clerk of Superior Court
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

**CROSSCLAIMS**

37. Westinghouse hereby adopts the model crossclaims and model answer to crossclaims.

WHEREFORE, Westinghouse respectfully prays that Plaintiff's actions against it be dismissed and Westinghouse be awarded its costs and prays for such other and further relief as this court deems just and proper.

Thomas W. Lyons, Esq.
Strauss, Factor, Laing & Lyons
Attorney for Defendant
Westinghouse
222 Richmond Street
Suite 208
Providence, RI 02903
(401) 456-0700

Dated: January 20, 2005.

WESTINGHOUSE DEMANDS TRIAL BY JURY.

True Copy Attest
Office ... of Superior Court
County ... Providence & Bristol
Providence ... Rhode Island

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent either by mail, postage prepaid or by electronic mail to all counsel of record on this 20th day of January, 2005.

Christine Abrams

True Copy Attest
Superior Court
Bristol